UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
ROBERT HEARD,                       )
                                    )   Case No. C18-0261RSL
                  Plaintiff,        )
         v.                         )
                                    )   ORDER TO SHOW CAUSE
JAMES ROBART,                       )
                                    )
                  Defendant.        )
_____)

This matter comes before the Court sua sponte. On February 21, 2018, plaintiff was granted leave to proceed in forma pauperis, and his complaint was accepted for filing. Plaintiff alleges that the Honorable James L. Robart, United States District Judge for the Western District of Washington, violated plaintiff's right to due process when he heard and decided the State of Washington's challenge to the January 27, 2017, Executive Order suspending the issuance of visas and other immigration benefits for nationals of certain countries. <u>Washington v. Trump</u>, C17-0141JLR. Plaintiff alleges that Judge Robart can be held liable for his judicial determinations because he erred. Plaintiff specifically argues that the judiciary lacked the power to interfere in issues of national security and that there could be no violation of Equal Protection or other actionable forms of discrimination because "Christianity is the preferred religion by 'We the People.'" Dkt. # 4 at 7. Plaintiff seeks a reversal of Judge Robart's decisions in <u>Washington v. Trump</u>.

ORDER TO SHOW CAUSE

1    The Court, having reviewed the record as a whole under the standards articulated in 28
2    U.S.C. § 1915(e)(2) and having construed the allegations of the complaint liberally (see
3    Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003)), finds that plaintiff's
4    complaint is deficient for the following reasons:

"It has long been established that judges are absolutely immune from liability for acts 'done by them in the exercise of their judicial functions.'" Miller v. Davis, 521 F.3d 1142, 1145 (9th Cir. 2008) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 347 (1871)). "Judicial immunity apparently originated, in medieval times, as a device for discouraging collateral attacks and thereby helping to establish appellate procedures as the standard system for correcting judicial error." Forrester v. White, 484 U.S. 219, 225 (1988). In addition, the various forms of immunity afforded to our executive, legislative, and judicial officers "reflect a policy that the public is better served if certain public officials exercise their discretionary duties with independence and without fear of the burdens of a civil suit for damages." Schrob v. Catterson, 967 F.2d 929, 937 (3rd Cir. 1992). Judicial immunity is "absolute" in that it protects the decision-maker from exposure to the litigation process in its entirety: the official is not only free from the risk of a damage award, but also free from suit. Saucier v. Katz, 533 U.S. 194, 201 (2001).

Immunity is particularly appropriate in situations, such as this, where alleged errors can be and have been challenged on appeal, and where the putative plaintiff has no role in the underlying litigation and only the most general interests in its outcome. See Mitchell v. Forsyth, 472 U.S. 511, 522-23 (1985) ("[T]he judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results."). Plaintiff's assertions of error on Judge Robart's part do not strip him of the absolute immunity to which he is entitled. "A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority." Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Plaintiff's complaint fails to allege facts

that could give rise to a plausible inference that judicial immunity does not apply in this case or that Judge Robart could otherwise be held liable.

For the foregoing reasons, plaintiff is hereby ORDERED TO SHOW CAUSE why the complaint should not be dismissed for failure to allege facts that give rise to a plausible inference that relief against a judicial officer performing his adjudicative functions is warranted. Plaintiff shall, within thirty (30) days of this order, file an amended complaint which remedies the deficiencies set forth above. If an acceptable amended complaint is not filed within the time proscribed, this action will be dismissed with prejudice.

The Clerk of Court is directed to note this Order to Show Cause on the Court's calendar for Friday, April 6, 2018.

Dated this 28th day of February, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge